UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| NICOLE BLUEFORD, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br>  v.<br><br>PERFORMANT RECOVERY, INC.,<br><br>      Defendant. | Case No.: 15-cv-1328<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, Wis. Stat. Ch. 421-427.

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Nicole Blueford is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendants sought to collect from her a debt allegedly incurred for personal, family or household purposes, namely an alleged student loan debt.

5. Defendant Performant Recovery, Inc., ("Performant") is a corporation with its principal place of business located at 333 N. Canyons Parkway, Suite 100, Livermore, CA 94551.

6. Performant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Performant is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Performant is a "debt collector" as defined in 15 U.S.C. § 1692a.

## FACTS

### *Performant's Letter*

8. On or around October 27, 2015, Performant mailed a debt collection letter to Plaintiff regarding an alleged debt allegedly owed to Great Lakes Higher Education Guaranty Corporation ("Great Lakes"). A copy of this letter is attached to this complaint as Exhibit A.

9. The alleged debt identified in Exhibit A was for an alleged student loan, used only for personal, family or household purposes, namely educational services.

10. Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

11. Exhibit A displays Great Lakes' letterhead and misleadingly appears to be a letter from Great Lakes.

12. In fact, Performant mailed Exhibit A to Plaintiff. A copy of the envelope in which Performant mailed Exhibit A to Plaintiff is attached as Exhibit B.

13. Exhibit A is a debt communication, in that it offers several options for repayment, including payment in full, loan rehabilitation, and federal student loan consolidation.

14. Exhibit A was the only document contained in Exhibit B.

2

15. <u>Exhibit A</u> does not include the notice required by 15 U.S.C. § 1692e(11), which expressly prohibits:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

16. The FDCPA generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

17. The FDCPA also specifically prohibits: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

### *Performant's Telephone Calls to Plaintiff's Employer*

18. Performant has repeatedly placed telephone calls to Plaintiff's employer after Plaintiff informed Performant that she is not allowed to accept personal calls at work.

19. For approximately the last three weeks before filing this complaint, Performant has called Plaintiff's employer's general telephone number, attempting to reach Plaintiff, at least two times a day.

20. Plaintiff works second shift as a secretary, officially called a "Unit Health Coordinator," at Aurora Sinai Hospital in Milwaukee.

21. Many of Performant's calls were placed in the morning, prior to the start of Plaintiff's shift. These calls were fielded by the first shift secretary who works at the same position as Plaintiff works on second shift.

22. On multiple phone calls, Performant asked the first shift secretary to provide the details of Plaintiff's work schedule – hours and days worked, what time she arrives at work, and insisted that Plaintiff "get back to" Performant.

23. Performant also called Plaintiff's employer several times over the same period during Plaintiff's shift. These calls were forwarded to Plaintiff from the hospital's telephone operator.

24. By the third telephone call that Plaintiff received at her workplace, Plaintiff told Performant's employee that Plaintiff is not allowed to receive personal calls at work, and that Performant must stop calling her at work.

25. Despite Plaintiff's statements to Performant, Performant continues to call Plaintiff's employer at least twice per day seeking Plaintiff or Plaintiff's work schedule.

26. The FDCPA expressly prohibits a debt collector from contacting Plaintiff "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." 15 U.S.C. § 1692c(a)(3); *Horkey v. J.V.D.B. & Assocs.*, 333 F.3d 769, 773 (7th Cir. 2003).

27. Plaintiff gave Performant actual notice that Plaintiff was not permitted to accept collection calls at work, but Performant continued to call Plaintiff's employer.

28. Upon information and belief, it is Performant's regular practice to continue to call consumers at their workplaces after being informed that the consumer cannot receive calls at work.

29. Moreover, the Wisconsin Consumer Act prohibits Performant from contacting Plaintiff's place of employment in the manner described in this complaint. Wis. Stat. § 427.104(1)(d).

30. Wis. Stat. § 427.104(1)(d) states:

4

> In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction, including a transaction primarily for an agricultural purpose, where there is an agreement to defer payment, a debt collector may not: …
>
> (d) Initiate or threaten to initiate communication with the customer's employer prior to obtaining final judgment against the customer, except as permitted by statute including specifically s. 422.404, but this paragraph does not prohibit a debt collector from communicating with the customer's employer solely to verify employment status or earnings or where an employer has an established debt counseling service or procedure;

31. No judgment has been entered against Plaintiff for the alleged debt at issue in this Complaint.

32. Plaintiff has not entered into any arrangement for assignment of earnings to satisfy the alleged debt at issue in this complaint, pursuant to Wis. Stat. § 422.404.

33. Plaintiff's employer has not established a debt counseling service or procedure for Plaintiff to utilize.

34. Plaintiff has suffered actual damages, including emotional distress, as a result of Performant's numerous telephone calls to Plaintiff's workplace.

35. As a result of Performant's repeated and harassing calls to Plaintiff's workplace, Plaintiff was required to meet with her boss, who told Plaintiff that she must stop Performant from calling Plaintiff at work, and that Performant's calls were both taking Plaintiff's attention away from her work and were tying up the employer's telephone lines.

36. Performant's repeated phone calls, at least two every day for three weeks, are not "solely to verify employment status or earnings." Performant knows Plaintiff's employment status, and each call included an attempt to reach and harass Plaintiff, not to verify her employment or earnings status. Such calls are designed to harass Plaintiff into paying, at risk of discipline from her employer to stop the calls.

## COUNT I – FDCPA

37.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

38.     Exhibit A creates the false impression that it was sent by Great Lakes.

39.     In fact, Exhibit A was a debt collection letter sent by Performant.

40.     Exhibit A also does not include the required 15 U.S.C. § 1692e(11) notice.

41.     Such conduct violates 15 U.S.C. §§ 1692e, 1692e(10) and 1692e(11).

## COUNT II – FDCPA

42.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

43.     Performant called Plaintiff at her employer multiple times over the past several months.

44.     Plaintiff told Performant's representative that Plaintiff could not receive personal phone calls at work by the third call that Performant placed to Plaintiff at her workplace.

45.     Despite this actual notice, Performant continued to call Plaintiff at her workplace.

46.     Such conduct violates 15 U.S.C. §§ 1692c(a)(3), 1692e and 1692e(10).

## COUNT III – WCA

47.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

48.     Performant contacted Plaintiff's employer by telephone multiple times over the past several months.

49.     Performant was not seeking Plaintiff's location or employment status; Performant already had that information.

50. No judgment has been entered against Plaintiff for the debt that Performant is attempting to collect.

51. Performant had no legal basis to contact Plaintiff's employer.

52. Such conduct violates Wis. Stat. § 437.104(1)(d).

## CLASS ALLEGATIONS

53. Plaintiff brings this action on behalf of two Classes.

54. Class 1 consists of (a) all natural persons in the State of Wisconsin (b) to whom Performant sent a collection letter in the form represented by Exhibit A, (c) in an envelope in the form of Exhibit B, (d) seeking to collect a debt for personal, family or household purposes, (e) without also including in the envelope a letter identifying Performant and providing the notice pursuant to 15 U.S.C. § 16923(11), (f) on or after November 9, 2014, (g) that was not returned by the postal service.

55. Class 1 consists of (a) all natural persons in the State of Wisconsin (b) whom Performant contacted by telephone at his or her place of employment, (c) after the person had given notice to Performant not to call the person at work, (d) seeking to collect a debt for personal, family or household purposes (e) on or after November 9, 2014.

56. Each Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of each Class.

57. There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendants complied with 15 U.S.C. §§ 1692e and 1692f.

58. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

59. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

60. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

61. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: November 9, 2015

**ADEMI & O'REILLY, LLP**

By: /s/ Denise L. Morris
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com